DAVENPORT v. SARGENT, *Adm'r, & a.*

Real estate specifically devised is not charged with a general pecuniary legacy, given in the same will, when there is nothing to show that such was the intention of the testator.

The rule is not changed by Gen. Laws, c. 203, s. 14.

BILL IN EQUITY, to recover from the defendant Sargent, administrator with the will annexed of Eliza Bixby, the amount of a

legacy to the plaintiff of $500 in her will. The facts, which were agreed by the parties, appear in the opinion of the court.

*Bingham & Mitchell*, for the plaintiff. The debts, expenses of administration, last sickness, and funeral charges amounted to $503.23,—or $160.45 in excess of the personal estate, not specifically bequeathed. There remained, therefore, as a charge upon, or to be satisfied from, the real estate of the testate, this balance of $160.45, and the plaintiff's legacy of $500. To satisfy this deficiency, the administrator pursued the only course open to him; he petitioned for and obtained license to sell a portion of the real estate. In his statement of the liabilities to satisfy which he desired to sell the real estate, he included the plaintiff's legacy of $500.

The land was sold for $1,320, from which the balance of $160.45 was paid; but the administrator has not paid the plaintiff's legacy: hence this proceeding.

It is submitted that the defendant administrator has, under the law, no alternative but to pay this legacy from the funds in his hands. These funds, and the real estate from the sale of which they were realized, were primarily subject to the payment of the debts, expenses of administration, last sickness, funeral charges, and this legacy. Neither class was preferred to the other: all stood alike, and each was entitled to liquidation.

Had there been real estate or sufficient personal estate, not specifically devised or bequeathed, that would first be liable for the satisfaction of the debts, expenses, charges, and this legacy, under the following statute:

"The estate, real and personal, not specifically devised or bequeathed, shall be first liable to the payment of the legal charges against the estate and legacies given by the will, and to be applied to make up the share of any child born after the decease of the testator, or of any child, or issue of any child, omitted or not provided for in the will." G. L., *c.* 203, *s.* 13. But there being no real estate except that specifically devised, nor an amount of personal estate sufficient to satisfy the debts, expenses, charges, and this legacy, the deficiency is to be taken from the real estate specifically devised, which is liable for the payment of so much of the debts, expenses, charges, and this legacy, as the personal estate will not pay, under *s.* 14 of *c.* 203 of Gen. Laws, which is as follows:

"If the same [*i. e.*, the real or personal estate not specifically devised or bequeathed] is not sufficient, the property devised and bequeathed shall be liable therefor, and the judge may settle and adjust, by his decree, the amount of such liabilities, so that each devisee and legatee may contribute in just proportion thereto; and such liabilities may be taken into consideration and allowed in the division of the real estate, and in granting license for the sale of

real estate, and in the decree of distribution of the personal estate, as the case may require."

It would be difficult to state any rule which would more plainly indicate the course to be pursued by the administrator, or one that would more clearly prescribe and define the respective rights of the general and specific legatees and devisees, and others having legal charges against the estate. To perform in accordance with this rule, the administrator has simply to pay this legacy. That will be a full compliance with the law, and a complete discharge by the administrator of his trust duties.

The testate's real estate, then, even though specifically devised, is subject to the payment of this legacy, as well as the debts, expenses, and other charges; and the trust fund contemplated by and provided for in the eighth clause of the will is limited to the balance remaining after the full satisfaction of the debts, expenses, charges, and this legacy. The administrator had as much right, and was under the same obligation, to pay this legacy from the avails of the real estate sale, as the balance of the debts, expenses, and charges, which he did pay. His authority and obligation were prescribed by and derived from the same statute.

This is unmistakably the statutory rule. This rule, so far as it is in conflict with the former common-law rule applicable to the construction of wills, under circumstances similar to those of this case, must, of course, govern and determine the rights of the parties.

*Chase & Streeter*, for the defendants. What was the intention of the testatrix, as determined by the natural weight of the competent evidence in the case?

In the seventh clause of the will she gives the plaintiff $500 " in money," and in the eighth clause, to trustees, the Piermont farm and the Concord homestead. It is evident that, at the time of making the will, she understood that she was possessed of $500 "in money" which she could dispose of, besides said farm and homestead. She puts the farm and homestead, as a whole, in the hands of trustees, to carry on, rent, and apply the income thereof for specified purposes. In the language used, there is no suggestion that this trust property is to be reduced to pay the whole or a part of the $500 " money" legacy, any more than there is that said legacy is to be reduced to make up a part of the trust property, in case that was not all owned by the testatrix at her decease. The terms of the will unmistakably show that she had in mind a fund of $500 " in money" as a specific subject for disposition, distinct and separate from the farm and homestead, and that in giving the same to the plaintiff she had no thought or intention of affecting the farm and homestead in any way or to any extent.

The devise of the farm and homestead is a specific devise. While every devise of land is considered specific (2 Redf. Wills 471,

*Humes* v. *Wood*, 8 Pick. 478, *Wallace* v. *Wallace*, 23 N. H. 149, *Healey* v. *Toppan*, 45 N. H. 243–265), in this instance the nature of the trust created as a part of the devise is an additional fact showing that the testatrix intended it to be a specific devise, having all the common-law characteristics of such devises.

One of the characteristics of a specific legacy or devise, and perhaps the most important one, is, that it is not subject to contribution to make up unexpected deficiencies in general legacies; nor, on the other hand, can the specific legatee or devisee claim contribution from other legatees or devisees on account of an unexpected deficiency in his legacy or devise. Schoul. Ex'rs and Adm'rs, ss. 461, 490; 2 Redf. Wills (1866) 462, 549, 552; *Humes* v. *Wood*, *supra*; *Farnum* v. *Bascom*, 122 Mass. 282; *Perkins* v. *Mathes*, 49 N. H. 107, 114, and authorities cited.

But it is argued that ss. 13 and 14, c. 203, Gen. Laws, have materially changed the common law upon this point. The first three lines of s. 13 are a mere statement of the common-law liability on the subject; the remainder of the section adds a new liability not provided for at common law—that of making up the shares of posthumous and other children not provided for in the will. The plaintiff claims that s. 14 groups all these liabilities together, and makes specific legacies and devises liable to contribution for making up deficiencies in all of them alike.

These sections, in their present form, were first introduced into our statutes at the time of the revision in 1842. It appears from the report of the commissioners who made that revision, that these sections were based upon N. H. Laws (1830), s. 3, *pp.* 355, 356. In an introduction to their report, they say that it has been their desire and intention "not to change important principles or provisions which are well established, except in a few cases where, in their judgment, public policy seemed to require it, and which are generally noted in the margin." No such change is noted in connection with these sections, and, we submit, none was intended.

Section 3 of the earlier statute simply creates a liability in favor of posthumous and other children not mentioned in the will. Section 13 of the revision refers to this liability, and also to the common-law liabilities before spoken of, but makes no change in either: it simply contains a general summary of all, as they existed at the time of the revision.

But these liabilities differ essentially from each other in character: some must be paid to the exclusion of others, when the estate is not sufficient to pay all. Debts and other legal charges come first in the order of payment, and then the claims of children not provided for in the will, and lastly legacies. General legacies also have the characteristic that they are not to be paid if there are not sufficient assets aside from those specifically devised or bequeathed to pay the same and the other legal charges against the estate. Section 13 makes the estate not specifically devised or bequeathed

liable to the payment of these claims, according to their several characteristics aforesaid. To illustrate : If there are no specific devises or legacies, and the estate is not sufficient to pay all said claims, this section makes them payable according to the above mentioned preferences, and not *pro rata.* If the estate not specifically devised or bequeathed is sufficient to pay all said claims, of course their characteristics will not appear in applying the 13th section. But if the same is not sufficient, *s.* 14 makes the property devised and bequeathed liable therefor; and we say liable according to their several characteristics, that is to say, absolutely liable to the payment of debts in full, and if any balance thereof is left, to the payment of the claims of children omitted in the will, but not to the payment of general legacies if any balance still remains; for the law has made general legacies secondary, not only to debts and the claims of children not mentioned in the will, but also to specific devises and legacies. It may be argued with as much reason, that *s.* 14 changes the character of general legacies in making them payable in preference to debts and claims of children, or at least *pro rata* with the same, as that it changes them to the extent of making them take precedence of specific devises and legacies.

The change of realty into money by the administrator's sale did not destroy the fiduciary character of the fund, nor impair the right of the beneficiaries beyond the payment of debts and expenses. Section 6 of *c.* 196, Gen. Laws, shows the true construction of *s.* 4, *c.* 203.

ALLEN, J. In the will of Eliza Bixby, which is referred to in the case, besides certain specific bequests of chattels, the following items appear :

*Five.* " It is my wish and will that no part of my personal property shall be disposed of by sale."

*Seven.* " I give and bequeath unto my adopted son, Edwin R. Davenport, of South Newbury, Vt., the sum of five hundred dollars in money."

Item eight devises the testatrix's homestead to trustees to apply the income to the support of John and Elizabeth Bixby for life, and at their decease to the support of some worthy person or persons, whom they may nominate, in the New Hampshire Centennial Home for the Aged in Concord.

After satisfying the specific bequests of personal property, the defendant, who is administrator with the will annexed, had not sufficient personal estate with which to pay the debts and expenses of settlement, and by license of probate court has sold the real estate. The plaintiff claims satisfaction of his legacy of $500, given in item seven of the will, from the balance of the proceeds of the real estate. If his legacy cannot be satisfied in this way, he claims the whole remainder of the estate as his

In the construction of the will the intention of the testatrix

found by competent evidence must govern. *Rice* v. *Society*, 56
N. H. 191, 197, 19ᵃ, 203; *Brown* v. *Bartlett*, 58 N. H. 511; *Kimball* v. *Lancaster*, 60 N. H. 264. There are in the will no express
words of intention to charge the real estate devised for a specific
purpose with the payment of the pecuniary legacy of $500 to the
plaintiff. The presumption is, that the testatrix did not intend
that the general bequest should have any effect inconsistent with
the specific devise of the land, or with the specific bequests of
chattels, or with the direction that her personal property should
not be sold, and no circumstantial evidence is offered to rebut that
presumption, and the omission to offer it is affirmative proof sustaining it. It may often be assumed that a testator intends all his
testamentary gifts of real and personal property shall be fully satisfied; and the amounts and kinds of his property at the time he
gave directions for drafting his will, may be evidence on the question of his intention. *Hoyt* v. *Hoyt*, 85 N. Y. 142, 147. In this
case there is a significant omission of evidence on the part of the
plaintiff. He has not shown, nor offered to show, that the amount
and kind of the testatrix's property, at the time she directed the will
to be drawn, was such as to tend to show an intention that the
plaintiff's legacy should be paid out of the realty specially devised
for a different use and purpose. What effect such evidence would
have it is not necessary to inquire. For aught that appears, the
testatrix's property at that time would tend to show that she expected his legacy to be paid out of personalty, which she afterwards
disposed of, leaving no evidence of a purpose to charge his legacy
on the land specifically devised. 3 Jarm. Wills (5th Am. ed.) 424
*n.*, 459 *n.*

At common law a specific bequest or devise will not be charged
with the payment of a general pecuniary legacy, nor abated in
favor of a general legatee, unless such appears to have been clearly
the intention of the testator. 2 Jarm. Wills 608; 2 Redf. Wills
462, 549; 2 Williams Ex'rs 1223; 1 Roper Leg. 191. And the legislature could not have intended by any enactment to change the
common law in this respect without the clearly expressed language
of a statute for that purpose. By Gen. Laws, *c.* 203, *s.* 13, it is
provided that real and personal estate, not specifically devised or
bequeathed, shall be first liable to the payment of the legal charges
against the estate and legacies given by the will and to make up
the share of any after-born child, or of any child or issue of a child
not provided for in the will; and by section 14 of the same chapter, if the unbequeathed and undevised property is not sufficient,
that which is devised and bequeathed is made liable for the purposes named in section 13. There is nothing in the language of
these sections showing that a specific legacy or devise is to be
diminished or exhausted in satisfying a legacy not specific.

The true construction of these sections is found by reference to
other existing statutes upon the same subject. Section 15, *c.* 196,

provides for the order in which demands against the estate shall be paid, and shows that existing and established priorities were not changed by anything in sections 13 and 14; and *c.* 196, *s.* 6, providing that personal property specifically bequeathed should not be sold if not needed for the payment of debts, makes it plain that specific bequests and specific devises, which have not been made inferior to specific bequests of personal property, cannot be charged with the payment of general pecuniary legacies. In the revision of 1842, when sections 13 and 14 first appeared in that form, the commissioners in their report did not indicate any purpose to change the existing law upon the subject; and the universal understanding and practice since that time are proof that, in that revision, the legislature did not intend to so far change the common law as to require a pecuniary legacy to be wholly or partly paid out of specific legacies and devises. The change of the real estate into money by the administrator's sale did not destroy the character of the fund, nor impair the right of the beneficiaries beyond the payment of debts and expenses.

If the plaintiff were the testatrix's son, he would not take the whole estate merely because his legacy failed. "Any child * * * omitted or not provided for in the will," in *c.* 203, *s.* 13, is the same as "every child * * * not named or referred to in his will, and who is not a devisee or legatee." *Gage* v. *Gage*, 29 N. H. 533, 543. The plaintiff was named in the will as a legatee within the meaning of the statute, and he cannot, because his legacy has failed, take something else not bequeathed to him. Much less can he take the whole estate. The defendants are entitled to the fund arising from the real estate without contribution to make up the plaintiff's general legacy of $500.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.