### LE ROUGETEL *v.* MANN, *Ex'r.*

The enumeration of specific things in the same clause of a will which gives "all the rest and residue" to the same person, does not necessarily make the bequest specific as to the things enumerated.

The erection of a monument to the testator's memory made a charge upon land specifically devised.

BILL IN EQUITY, heard on bill and answer. The bill sets out the will of Moses Mann, late of Greenland, whereof the defendant is executor, in substance as follows:

"I direct my executor hereinafter named to erect a suitable monument to my memory in Greenwood cemetery, if the same shall not have been completed during my life, and to place a suitable inscription thereon, and the care of the same I commit to him during his life, intending to devise to him my homestead farm and buildings, also four acres of land in Cedar swamp and an acre of marsh land as hereinafter provided."

He then directs the sale of the remainder of his real estate for the payment of certain specific legacies, among which is one of $400 to the plaintiff. Then follows the devise of the homestead, &c., "Also all my household furniture, wearing apparel, cattle, horses, carriages, tools, produce [&c.], and all the rest and residue of my estate not hereinbefore bequeathed or devised or mentioned," &c., to the defendant. The testator died possessed of the before mentioned real estate, and of large personal estate claimed by the defendant to be specifically bequeathed. The defendant was named as executor, and after his appointment sold the lands, as directed in the will for about $3,200, being more than sufficient to pay all of said legacies; he has paid the plaintiff one hundred dollars only on account of the legacy to her, and neglects and refuses to pay her more. The plaintiff prays that he be ordered to pay her the remainder of the legacy.

The answer alleges that Moses Mann made a codicil to his will, wherein he changed the disposition of his homestead farm, &c., so as to give the defendant only a life estate, with remainder to his children; that substantially all the goods and estate of Moses Mann was specifically bequeathed and devised excepting the real estate described in the bill, which he was to sell for the payment of the legacies named, and that nothing remained, not specifically

given away, out of which to pay the testator's debts, excepting his real estate; and he has sold the same, and paid the cost of erecting a monument to the testator, and the testator's debts, out of the proceeds of the sale; that enough does not remain to pay the plaintiff's legacy in full, but he has paid to her, ratably with the others, her proportional share of the proceeds of said sale left after paying the debts and erecting the monument as required by the will.

*John Hatch*, for the plaintiff.

*Frink & Batchelder*, for the defendant.

BINGHAM, J.  Is it the intention of the testator, as expressed in the whole will, to make the expense of erecting a suitable monument to his memory, and of caring for it during the defendant's life, a charge on the land devised to him, described in the first part of the will?   We think it is.   Perry Tr., *ss.* 569, 571.

The purpose of the testator is made more apparent by slightly transposing his language, as follows: " Intending to devise to my executor, hereinafter named, my homestead farm and buildings, also four acres of land in Cedar swamp and one acre of marsh land, as hereinafter provided, I direct him to erect a suitable monument to my memory in Greenwood cemetery if the same shall not have been completed during my life, and to place a suitable inscription thereon, and the care of the same I commit to him during his life." This does not change the expressed intention of the testator, but, on the contrary, so plainly states it that his purpose is unmistakable.   If he had said, I give my executor the real estate named, and he is to erect a suitable monument to my memory, and care for it during his life, it would not have been more certain.   Further on in the will the testator perfects his previously expressed intention of devising the real estate to the defendant, and of appointing him his executor.   The fact that the testator afterwards, in a codicil, changed this devise to an estate for life, with the remainder to the defendant's children, does not indicate a change of the testator's intention.

The clause in the will giving the defendant the real estate is followed by the residuary clause giving to him a large amount of personal property, which is understood to be substantially all that the testator died the owner of.   The mere enumeration of some items in this clause prior to the words " rest and residue," does not necessarily alter their proper meaning.   2 Jar. Wills, *759, *760. In this clause of the will the testator intended to make the defendant his residuary legatee, the same as he would have been had the enumeration been omitted.

The will makes no provision for the payment of debts.   These must be paid out of the personal property that passes under the

residuary clause, if it is sufficient, and not from the plaintiff's legacy.

*Case discharged.*

SMITH, J., did not sit: the others concurred.