ABRAHAM MERRITT and another, in equity,

*vs.*

HENRY W. BUCKNAM.

Washington. Opinion December 20, 1886.

*Wills. Devise. Annuity as a charge upon a devise.*

Where real estate is devised upon condition that the devisee shall pay an annuity to a certain church, the annuity becomes a charge upon the estate devised; and it will be enforced in equity by a sale of the estate.

When such a charge upon real estate is enforced by a sale of the estate, the costs and expenses of sale, the amount of all annuities due and unpaid with interest and a sum sufficient to produce the annuity in the future will be taken from the proceeds of sale, and the residue paid to the devisee or his grantee.

BILL in equity reported by the presiding justice, with the consent of the parties, upon bill, answer and demurrer.

The plaintiffs are trustees under the will of Louisa J. Bucknam, and bring the bill praying that the land devised to Hiram Coffin under the fifth item of her will, be sold, and out of the proceeds the

unpaid installments due the church be paid, and from the balance a sum be placed at interest sufficient to produce fifty dollars a year.

" Fifth. I give and bequeath to Hiram Coffin, his heirs, etc., the remainder of my homestead farm, all my right, title and interest in the same, upon conditions as follows, viz. : That he pay annually the sum of fifty dollars to the Methodist E. church in Columbia village, for the support of preaching the gospel, or if the said Hiram choose to pay the principal, of which the above sum is the interest, all at one time or in payments within ———— then my executors hereinafter named shall give a good and sufficient deed to the said Hiram Coffin, his heirs, etc., which shall be as good and binding as if given by me, and the principal, if paid by the said Hiram, shall be placed in the hands of trustees hereinafter named, who shall put the same at interest as a fund forever, and the interest accruing from the same shall be expended for the support of the preaching of the gospel in the village of Columbia, as before requested. But if the said Hiram or his heirs fail in any way to perform the conditions above named, then I give and bequeath the farm before named to the M. E. Church in Columbia village, to go into the hands of the trustees hereinafter named and their successors, who are to dispose of the same and put the proceeds at interest as a fund forever, and the interest of said fund only shall be expended for the support of the gospel, as before named."

Coffin paid the fifty dollars annually to the church each year after the death of testatrix, until 1879. In October, 1880, he conveyed the premises by quitclaim deed to the defendant, for the nominal consideration of one hundred and forty-one dollars. Since that time the annuity has not been paid.

*William Freeman*, for the plaintiffs, cited : On statute of frauds ; *Duffy* v. *Patten*, 74 Maine, 400 ; *Herrin* v. *Butters*, 20 Maine, 119 ; *Hearne* v. *Chadbourne*, 65 Maine, 302 ; *Farwell* v. *Tillson*, 76 Maine, 238 ; *Doyle* v. *Dixon*, 97 Mass. 212 ; Brown, Stat. Frauds, c. 13, § § 272, 273, 278.

The annuity was a charge upon the estate. *Bugbee* v. *Sargent*, 23 Maine, 269 ; *Merrill* v. *Bickford*, 65 Maine, 118 ; *Knightly* v. *Knightly*, 2 Ves. Jr. 331 ; *Lupton* v. *Lupton*, 2

Johns. Ch. 623; *Harris* v. *Fly*, 7 Paige, 421; *Sands* v. *Champlin*, 1 Story, 376; Perry, Trusts, §§ 121, 568; *Stanley* v. *Colt*, 5 Wall. 119; *Wright* v. *Wilkin*, 2 B. & S. 232; *Kirk* v. *Kirk*, L. R. 21 Ch. Div. 434; Hill, Trustees, * 362; *Potter* v. *Baker*, 2 Eng. L. & Eq. 92; *Bent* v *Cullen*, L. R. 6 Ch. App. 238; *Ryan* v. *Dox*, 34 N. Y. 307; *Hassam* v. *Barrett*, 115 Mass. 256.

*E. B. Harvey* and *Charles Peabody*, for defendant.

The devise to Hiram Coffin was a fee simple with a conditional limitation which has been by this court declared void in *Merritt* v. *Bucknam*, 77 Maine, 253.

This leaves the fee absolute in Coffin and his assigns. The whole estate passed by the devise; nothing remained to descend to the heirs as in a devise upon condition. See *Brattle Square Church* v. *Grant*, 3 Gray, 142.

The will gives no lien upon the property to secure the annuity.

Coffin's assigns are no where mentioned in the will. The condition can not be broken by any act of his. *Page* v. *Palmer*, 48 N. H. 385; *Emerson* v. *Simpson*, 43 N. H. 475; Wash. on Real Prop. vol. 2, p. 6, § 5.

EMERY, J. I. The first question is whether the annual payments to the Methodist Episcopal Church, provided for in the fifth clause of the will, are a charge upon the land devised in the same clause to Coffin. We think they are. Similar language, and even language less clear, in other wills, has been held to impose a charge on the land. *Bugbee* v. *Sargent*, 23 Maine, 269; *Merrill* v. *Bickford*, 65 Maine, 118; *Birdsall* v. *Hewlett*, 1 Paige, Ch. 32; Pom. Eq. § 1246, note 2. "It is well settled that where a legacy is given, and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy." EARL, J., in *Brown* v. *Knapp*, 79 N. Y. 143. " When an estate is on condition of, or subject to, the payment of a sum of money, or where the intention of the testator to make an estate specifically devised, the fund for the payment of a legacy, is clearly exhibited, such legacy is a charge upon the estate. SHEPLEY, J., in *Bugbee* v. *Sargent, supra.*

It is evident the testatrix intended to make the church secure of her bounty, and to bind the land as such security. She declared the devisee should have a deed, *after* securing to the church its legacy. She also declared that in case the devisee failed to pay the legacy, the land itself should be held by the trustees for the church. This last proviso was ineffectual, as was held in *Merritt* v. *Bucknam*, 77 Maine, 253, but it is proper evidence of her intention to bind the land to the payment of the legacy.

II. The next question is how this charge or lien upon the land shall be enforced.

It is not a mortgage according to the Maine doctrine of mortgages, which is that the mortgagee has the legal estate. The beneficiaries have no remedy at law against the land. 77 Maine, 253. They cannot make use of any of the statute modes for foreclosing a mortgage. Their claim upon the land is simply a lien, recognized by the law, but not amounting to any legal estate. It is analogous to a mortgage according to that doctrine of mortgages which obtains in some states, and which is that the legal estate is in the mortgagor, and that the mortgagee has "a potentiality to follow the land by proper proceedings and condemn it for payment." Pom. Eq. § 1188. The rights of these beneficiaries would seem to be " to follow the land by proper process and condemn it for the payment " of their legacy. This can only be done by some process and decree in equity, for process and judgment at law are clearly unsuitable and ineffectual.

In those jurisdictions where mortgages are held to be liens only, the usual procedure to enforce them is by process in equity and decree for the sale of the land, and the payment of the debt out of the proceeds, and the payment of the residue to the mortgagor. Pom. Eq. 1228; Jones on Mortgages, 1443. Such a procedure and decree seem applicable to this case, the tenant, the holder of the legal estate, having neglected and refused to pay the annuity to the church. Such a decree is what is prayed for in this bill. In the cases cited upon the question whether the legacy is a charge upon the land, it was assumed and not questioned that process in equity was the proper process.

III. The next question is the amount to be raised out of the land. The respondent has expressly refused to pay the annuity and denies the right of the complainant thereto. To effect the evident intention of the testatrix to make the church secure of her bounty, and to fully effectuate her charitable purpose, it seems necessary that a fund should be raised out of the land sufficient at least to produce fifty dollars per year, if invested at six per cent interest. A sufficient sum at that rate is all that is asked for in the bill, as a principal. The arrearages stated in the bill, and that have since occurred, should also be provided for, with interest on each installment from November 1st of each year to the day of sale.

As this is not an action against the respondent to enforce any agreement of his, the statute of frauds, as urged in the argument, does not apply.

As the legacy to the church was for a charitable purpose, and no claim is now made to any estate in the land, there is no violation of the rule against perpetuities, in giving this effect to the will of the testatrix.

The judgment and decree of the court should be, that the complainants have a lien on the land described in the bill, for the payment of the legacies therein described; that a master be appointed to sell said land, and make conveyance thereof, and from the proceeds to pay the costs and expenses of sale, and then pay to the complainants eight hundred and thirty-three dollars and thirty-three cents as principal, and also the amount of the annual payments in arrears at the time of sale, with interest on each from November 1st of the year when due, and to pay the residue to the respondent; that the time, place, notice, and manner of sale, and other details be fixed in the decree appointing the master; that the complainants recover costs of suit, and have execution therefor.

*Demurrer overruled. Decree for complainants as above stated in the opinion.*

PETERS, C. J., WALTON, DANFORTH, FOSTER and HASKELL, JJ., concurred.