## Jacob F. Schmehl et Ux., Appts., v. Malvina Bickel.

The orphans' court has no jurisdiction to decree the payment of a legacy by a devisee, unless the legacy is charged upon land.

By a devise: "I order that my son David, my dwelling and piece of land containing about 26 acres more or less, as his own property, but (*aber*) my son David shall keep my dear wife as long as she lives, or pay to her annually $72. and my son David must, after my wife's death, pay to my daughter $1,200, as follows," etc.,—the legacy to the daughter is not charged upon the land.

*Query,* whether by an assignment, including the land, by the son for the benefit of creditors, notice of the daughter's claim at the assignee's sale and a subseqguent conveyance by the purchaser expressing the land to be subject to the charge, the legacy to the daughter becomes charged upon the land.

(Argued March 2, 1887.   Decided March 14, 1887.)

January Term, 1887, No. 96, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Berks County dismissing a petition for a citation. Affirmed.

The facts as they appeared by the petition, answers and depositions, were as follows:

William Trout, of Maidencreek township, Berks county, by a codicil to his will dated December 20, 1863, and proved January 7, 1864, provided as follows: "It is my will and I order that my son David, my dwelling and piece of land, containing about 26 acres, more or less, as his own property, but (*aber*)

Cited in Levan v. Bickel, 1 Monaghan (Pa.) 680, 687, 17 Atl. 206.

NOTE.—The question was left undecided in this case, whether an assignment by the son for the benefit of creditors, resulting in a sale at which the daughter gave notice of her claim, and a subsequent conveyance by the purchaser by a deed containing a recital that the land was subject to the legacy, would make it a charge against the land. Subsequently an action of debt was brought to recover this sum from the purchaser, and a judgment for the defendants was affirmed. Levan v. Bickel, 1 Monaghan (Pa.) 680, 17 Atl. 206.

my said son David shall keep my dear wife as long as she lives, or pay to her annually seven-two (72) dollars, and my said son David must, after my wife's death, pay to my daughter $1,200 as follows: $500 one year after my wife's death, and then $100 annually with interest."

In his will dated May 17, 1862, he had previously provided, *inter alia,* as follows: I devise to my son David the house, garden, containing 146 perches; further, it is my will that my dear wife Maria shall have the right to live in my house wherein we now live, as long as she lives, on the 26 acres, but my son David shall farm the land, and pay all the taxes and expenses from . . . the same as long as she lives, and shall haul her wood and coal for fuel to her house as much as she needs; . . . further, it is my will, that if my said wife shall not or does not wish to stay in the said house or place, then my son David shall pay to her annually the sum of 150 dollars, out of the 26 acres of land; . . . further, it is my will that my son David, after the death of my wife Maria, can have the first opportunity to accept the 26 acres of land, more or less, according as he desires."

He then appoints his son David executor.

On May 2, 1878, David Trout made a deed of assignment for the benefit of creditors, to James W. Schmeck, by which the 26-acre tract, *inter alia,* was conveyed to the assignee, who, under an order of court, pursuant to the act of February 17, 1876, sold all the assignee's real estate, including the 26-acre tract, devised to him by his father's will, to Charles Levan, for $2,500. There was no reservation of dower or legacy in the deed of the assignee to Levan, but Esther Schmehl, the daughter mentioned in the will, caused the following notice to be read at the sale:

## Notice to Purchasers:

Notice is hereby given that the real estate about to be sold by James Schmeck, assignee of David Trout, was devised to the said David Trout by his father, William Trout, subject to a testamentary charge, or *ausbehalt,* of $72 per year, payable to Maria, widow of said William Trout, deceased; also subject to the payment of $1,200 to Esther, wife of Jacob F. Schmehl, after the decease of the said Maria; and that the said charge of

$72 per year for the past three years is now due and owing to the said Maria Trout, widow of William Trout, dec'd.

Esther Schmehl.

After Levan became the owner of the premises, February 12, 1879, he paid the arrears of dower due the widow of William Trout, under her husband's will, and also continued to pay the sum of $72 annually to her as long as he continued to own the property. When he sold it to his daughter, Malvina Bickel, the respondent, October 6, 1881, who accepted the deed, and is now in possession under it, the grantor inserted in said deed that the conveyance was "in consideration of the sum of 5,675 dollars, less a dower of 1,200 dollars," etc., and in the latter part of said deed that it was "subject nevertheless to the payment of a dower of $1,200, the interest thereof to be paid to the widow of William Trout, during her natural life, and after her death the principal to the heirs and legal representatives of the said deceased. The deed is recorded in Deed Book, vol. 140, p. 650.

On the 6th of April, 1883, Maria Trout, the widow of William Trout, died; and on the 17th of May, 1883, Esther Schmehl, with her husband, Jacob Schmehl, presented their petition for a citation, after a request to pay the legacy and arrears had been met with the reply on the part of the respondents that they were in nowise liable to do so, as the claim was no charge on the land under this will.

As the codicil to the will provided that of the $1,200 directed to be paid to Esther Schmehl, $500 should be paid "one year" after the death of the testator's wife, the present proceeding was commenced a year too soon, owing to the omission in petitioners' copy of the will of the words "one year." But as both parties desired at the time to have the question, as to the liability of the respondents to pay, judicially determined, they agreed in writing to waive the irregularity, and that the proceeding should go on as if the claim was then demandable.

Upon dismissing the petition, SCHWARTZ, J., after stating the facts, filed an opinion as follows:

The question raised by the pleadings is, Did the testator charge the legacy of $1,200 to testator's daughter, Esther Schmehl, upon the above-mentioned lands devised to David Trout?

In this case, as in Cable's Appeal, 91 Pa. 327, there is no express charge. It is, however, contended that a charge is necessarily implied from the words of the devisor already quoted. It is a settled rule that in order to create a charge upon lands there must be express words or a necessary implication from the whole will that such was the intention. There is nothing in any part of the will from which such an implication can arise. The direction of the testator to pay the $1,200 to his daughter, Esther Schmehl, is simply a personal obligation on the part of the devisee, arising upon his acceptance of the devise of the land.

It has, however, been further contended that the legacy to Esther Schmehl should be held to be a charge upon the land: first, because when this property was sold by the assignee for creditors of David Trout, notice was given to purchasers that it was subject to the charge of said legacy of $1,200; second, because Charles Levan, the purchaser at assignee's sale, when he conveyed to Malvina Bickel, the respondent, sold subject to the charge of said legacy.

The jurisdiction of the orphans' court is confined to charges created in last wills and testaments. And as I have already stated that this legacy, in my opinion, is not a charge on the lands under the provisions of the will of William Trout, deceased, the orphans' court cannot entertain the matter in controversy. This is all that the court decides in these proceedings. I express no opinion as to whether or not the respondent can be compelled to pay the legacy by proceedings in the court of common pleas. The proceedings are dismissed, at the costs of the petitioners.

The assignments of error specified the action of the court in dismissing the appellants' petition for a decree as therein pr--ed for; in deciding that the $1,200, which David Trout, the devisee, was directed to pay to Esther Schmehl by the codicil to this will of William Trout was no charge on the land devised, and that the orphans' court had no jurisdiction; and in not making a decree for the payment of the $1,200 to Esther Schmehl, as directed by said codicil.

*Rothermel Bros.* and *A. G. Green,* for appellants.—In Ripple v. Ripple, 1 Rawle, 386, a testator had devised three fourths of a tract of land to his son, followed by the directions: "My

son Philip is to keep and provide for my beloved wife and my eldest daughter during their natural lives." It was held that, although that land devised is not expressly charged with the maintenance of the wife and children, yet if such intention can be clearly collected from all the parts of the will considered in reference to the testator's circumstances, the charge will attach to the land.

In Hoover v. Hoover, 5 Pa. 351, a devise by a testator to his son, "yielding and paying out of the same $7,250, was held to charge the land."

In Swoope's Appeal, 27 Pa. 58, a devise to a son, "he paying thereout unto my other children" certain sums of money, was likewise held to be a charge on the land devised.

In Hart v. Homiller, 20 Pa. 248, after giving his son Samuel the use of certain real estate during the life of his wife, and upon her death devised to Samuel at a valuation to be made— testator directed this valuation to be included in the rest and residue of his estate, which he devised to his six children, Samuel being one; held to be a charge on the land.

In Grant's Appeal, 85 Pa. 347, a devise to a son at $33 per acre, the proceeds thereof to be divided into eight equal shares distributed equally to her children, was held to be a charge.

To the same effect are McFait's Appeal, 8 Pa. 290; and Drake v. Brown, 68 Pa. 223.

As to preference in favor of wife, see McGlaughlin v. McGlaughlin, 24 Pa. 22; Clery's Appeal, 35 Pa. 58; Fields's Appeal, 36 Pa. 11.

*Cyrus G. Derr,* for appellant.—A devise with directions that a devisee shall pay certain sums to legatees does not create a charge on the land. Wright's Appeal, 12 Pa. 256; Miltenberger v. Schlegel, 7 Pa. 241.

Such direction imposes but a personal obligation upon the devisee. Walter's Appeal, 95 Pa. 305; Brandt's Appeal, 8 Watts, 198.

Following a devise were the words: "But the said John and Edward Cable is to pay;" it was adjudged by this court that no charge was created. Cable's Appeal, 91 Pa. 327.

The language in this case, "and my son David must after my wife's death pay," etc., is not stronger than that in Cable's Appeal. Between the language "he is to pay" and "he must pay" there is no material difference.

If, however, the said legacy of $1,200 should be adjudged to have, by the terms of the said will, been charged upon the said land, yet the assignee's sale, pursuant to an order of the court issued under the act of February 17, 1876, devested the lien thereof and passed the property to Charles Levan, the purchaser at the said sale, unencumbered thereby. The language of the said act is: "Which sale or sales after being confirmed by said court shall discharge all liens against the real estate so sold, excepting that where the lien of a mortgage upon real estate is or shall be prior to all other liens . . . the lien of such mortgages shall not be destroyed."

The lien of a legacy charged upon land is discharged by a judicial sale of the land, although the legacy is payable by instalments, some of which are not due at the time of the sale. Hellman v. Hellman, 4 Rawle, 440; Lobach's Case, 6 Watts, 167; Barnet v. Washebaugh, 16 Serg. & R. 410.

The legacy in question not having been made a charge on the land by the said will, or if so, then having been discharged by the judicial sale aforesaid, the orphans' court has no jurisdiction of the matter; for that court has no jurisdiction of a proceeding for the recovery of a legacy, unless the same is charged on realty.

Section 59 of the act of February 24, 1834, provides that "when a legacy is or shall be hereafter charged upon or payable out of real estate, it shall be lawful for the legatee to apply, by bill or petition, to the orphans' court having jurisdiction of the accounts of the executor of the will by which such legacy was bequeathed; whereupon, such court, having caused due notice to be given to such executor, and to the devisee or heir, as the case may be, of the real estate charged with such legacy, and to such other persons interested in the estate, as justice may require, may proceed according to equity, to make such decree or order touching the payment of the legacy, out of such real estate, as may be requisite and just." Galloney's Appeal, 6 Pa. 37; Hamilton v. Porter, 63 Pa. 332; Walter's Appeal, 38 Phila. Leg. Int. 241.

The orphans' court has no jurisdiction, except such as is expressly conferred by statute; and as there is no statute authorizing the said court to decree the payment of a legacy by a devisee when such legacy is not charged upon the land, the court had no jurisdiction in this case.

PER CURIAM:

It is clear that the legacy in question was not charged on the land, either by express words or by necessary implication. It follows that the orphans' court had no jurisdiction, and the proceedings were properly dismissed.

Decree affirmed and appeal dismissed, at the costs of the appellants.