## SMITH *v.* SMITH *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

WILLS—CONSTRUCTION—LEGACY CHARGED UPON LAND.

> A testator devised lands to his daughter, "subject to the condition that she fully pay and discharge all my funeral expenses," and also pay to another daughter $50, all to be paid within 60 days af his decease. *Held,* that the land was not devised on condition, but was charged with the funeral expenses and legacy of $50.[1]

Appeal from circuit court.

*W. M. Smith,* for plaintiff. *Thos. Young,* for defendants.

DYKMAN, J. This is an action of ejectment, and the plaintiff makes title to the premises under the last will and testament of her father, by which he devised to her the land in question, "to have and to hold to herself, her heirs, and assigns, forever, subject to the condition that she fully pay and discharge all my funeral expenses, and also pay to my daughter Katy A. Coupe the sum of fifty dollars; all such payments to be made within sixty days after my decease." The trial court decided that the debts were not charged upon the real estate devised to the plaintiff to the relief of the other lands, and that the payment of the debts was not a condition precedent to the vesting of the title and the enjoyment of the possession of the lands, and that the premises in question were not devised to the plaintiff on condition, but were charged with the funeral expenses and the legacy of $50. We concur in these conclusions, and the judgment should be affirmed, with costs.

[1] See note on next page.

## NOTE.

WILL—CHARGE ON LAND. The personal estate is the primary fund for the payment of legacies, and the real estate is not chargeable therewith, unless the testator clearly so intended, White v. Kauffman, (Md.) 5 Atl. Rep. 865; Tichenor v. Tichenor, (N. J.) 2 Atl. Rep. 778; nor will a general legacy be held a charge on a specific devise or bequest, unless such intention clearly appears, Davenport v. Sargent, (N. H.) 4 Atl. Rep. 569. Such intention will be presumed only when the testator has disposed of all his personal property. Parkes v. Aldridge, 8 Fed. Rep. 220.

A direction or condition connected with a devise of land will be held a charge upon the land. Merritt v. Buchnam, (Me.) 7 Atl. Rep. 383; Le Rougetel v. Mann, (N. H.) 3 Atl. Rep. 746; Halsted v. Westervelt, (N. J.) Id. 270.

Where the surrounding circumstances clearly show that the testator knew that he had substantially no personal property, a legacy will be chargeable on the real estate devised in the residuary clause as "the rest of the property," McCorn v. McCorn, (N. Y.) 3 N. E. Rep. 480; and, as a rule, when legacies are given generally, and the residue of the estate is afterwards given in a mass, the legacies are a charge on the real as well as on the personal property, Association v. Lett, (N. J.) 6 Atl. Rep. 280; Tichenor v. Tichenor, (N. J.) 2 Atl. Rep. 778; Cook v. Lanning, (N. J.) 3 Atl. Rep. 132; but where testator left personal estate amply sufficient to fulfill a devise, no intent was inferred, from his having left the "rest and residue" of his estate to his daughter, that he meant the payment of such devise to be a charge on his real estate. Wiltsie v. Shaw, (N. Y.) 3 N. E. Rep. 331.

In *Maryland* it is held that, unless a contrary intention is shown on the face of the will by express words, or by fair and reasonable implication, the law conclusively proves that the legacy is to be paid only out of the personalty, and, if that is insufficient, the legacy is lost. White v. Kauffman, 5 Atl. Rep. 865.

Where a testator bequeaths a legacy to his wife during her natural life, to be paid out of his estate, and, after her death, to be divided equally among his heirs, and, after a specific devise of real estate to three children, directs the remainder of his estate to be equally divided between all his children, it will not be held that he intended that the premises should pass to the children, and not be sold, when the legacy and debts cannot be paid without a sale. Norman v. Olney, (Mich.) 31 N. W. Rep. 555.

When land is charged with the payment of a legacy, equity will enforce the charge or lien. Merritt v. Buchnam, (Me.) 7 Atl. Rep. 383; Williams v. Nichol, (Ark.) 1 S. W. Rep. 243.

When legacies are charged upon land, the rents, issues, and profits thereof are to be applied to the payment of such legacies. Lyon v. Church, (N. J.) 4 Atl. Rep. 661.

See, also, as to when a direction or condition connected with a devise of land will be held a charge upon land, Schmehl's Appeal, (Pa.) 8 Atl. Rep. 874; Appeal of Phillips, (Pa.) 7 Atl. Rep. 918; Merritt v. Buchnam, (Me.) Id. 383; Le Rougetel v. Mann, (N. H.) 3 Atl. Rep. 746; Halsted v. Westervelt, (N. J.) Id. 270; Allen v. Patton, (Va.) 2 S. E. Rep. 143; Decker v. Decker, (Ill.) 12 N. E. Rep. 750; Curtis v. Fowler, (Mich.) 33 N. W. Rep. 804; Girard v. Futterer, (Ala.) 3 South. Rep. 517; Commons v. Commons, (Ind.) 17 N. E. Rep. 271; Appeal of Mann, (Pa.) 14 Atl. Rep. 270.