JOHANNA DUDEN, Appellee, v. JOHANNA DUDEN et al., Appellees;
REMT GERJETS et al., Appellants.

**WILLS: Election by Spouse—Nature of Evidence to Show.**  The bring-
1  ing of an action by a wife to enforce the provisions of her husband's will in her favor is sufficient evidence of her election to take under the will.

**WILLS:  Construction—Ambiguous Antecedent.**  A devise of a life
2  estate in realty to a daughter of testator's, with remainder over to her heirs, with the added clause, "but *she* shall pay to my said wife, each year so long as *she* may live, $2.00 per acre cash," construed, and, in view of the will as a whole, held to require the annuity to be paid so long as the wife lived, and not so long as the devisee daughter lived.

**WILLS:  Construction—When Annuity Charge on Land.**  A devise of
3  realty, coupled with a proviso that the devisee shall pay an annuity to a named person during the lifetime of the latter, with no proviso that a breach in payment will forfeit the devise, will be construed *as a charge on the land.*

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

### MAY 10, 1921.

PETITION for the construction of a will.  Decree construing a certain provision of the will to create a charge or lien upon land devised.  The facts appear in the opinion.—*Affirmed.*

*Gray & Gray,* for appellants.

*Thomas Kennedy, E. C. Stevenson,* and *J. F. Lavender,* for appellees.

FAVILLE, J.—One Edo Duden died testate on the 15th day of November, 1918.  The plaintiff is his widow.  The main ques-

tion involved in this case is the proper construction to be placed upon Paragraph 5 of the will of the said decedent. By the terms of the said will, the testator devised different tracts of land to his several children. The appellants herein are the surviving husband and children of one of the testator's daughters, one Bertha Gerjets. The devise to the said Bertha Gerjets is in Paragraph 5 of said will, and is as follows:

"I give, devise and bequeath to my daughter Bertha Gerjets, for her use during her natural life, the Southwest Quarter of Section Fifteen (15) in Township Eighty-eight (88) North of Range Thirty-two (32) West of the Fifth Principal Meridian in Calhoun County, Iowa, but she shall pay to my said wife Johanna Duden—each year so long as she may live, two (2) dollars per acre cash, after the death of my said daughter Bertha Gerjets, this land shall go to her heirs."

By Paragraph 9 of the said will, all the personal property of the testator was bequeathed to his wife.

At the time of his death, the testator owned 810 acres of land, which he divided among his several children by devises substantially in the same language as above set forth. The daughter Bertha Gerjets, the beneficiary under Paragraph 5 of said will, paid to her mother the sum of $2.00 per acre on the quarter section of land devised to her as long as she, the said Bertha, lived. Bertha died on February 7, 1917, since which date the said amount of $2.00 per acre has not been paid; and this action is brought by the widow of said testator against the surviving husband and heirs of the said Bertha, to impress the said annuity as a lien or charge upon the land.devised to her.

Three propositions are involved in this appeal: 1. Did the widow elect to take under the will of said decedent? 2. Is the annuity provided for to be paid during the life of the widow or during the life of the beneficiary, Bertha Gerjets, only? 3. In any event, is the annuity a charge or lien upon the land or a mere personal claim against the said Bertha Gerjets or her estate?

I. Appellants contend that the record fails to show affirmatively that the appellee elected to accept the terms and provisions of the will of the testator. There is no merit in this

1. WILLS: election by spouse: nature of evidence to show. contention. The bringing of this action and the allegations of the petition are sufficient, in and of themselves, to constitute such an election to take under the will. The appellee sets out the will as a part of her petition, alleging that the amount sought to be recovered is now due thereunder, and prays for a construction and interpretation of the said will in her behalf. We have heretofore held, in *Arnold v. Livingston*, 157 Iowa 677, that:

"The widow may elect to accept the devise at any time, and that this fact can be shown by any competent evidence that satisfies the court that she did so elect before death."

We also said:

"The election determines the choice, and this choice may be shown by expressed words of election and, as in this case, the actual taking of the thing bequeathed, or it may be shown in any other manner that clearly makes manifest that an election has been made."

See, also, *Schubert v. Barnholdt*, 177 Iowa 232.

II. It is contended that the clause "but she shall pay to my said wife Johanna Duden each year so long as she may live two (2) dollars per acre cash," should be construed to mean that the said payments are to be made so long as the said Bertha Gerjets lived. In other words, it is contended that the word "she" in said paragraph of said will refers to the devisee, Bertha Gerjets, and not to the widow.

2. WILLS: construction: ambiguous antecedent.

Some light is thrown upon the intention of the testator by Paragraph 7 of the will, devising a portion of his real estate to his son. In said paragraph, the testator provided:

"But he shall give my said wife Johanna Duden the free use of one room in house on said place so long as she shall live and shall pay her each year so long as she shall live two (2) dollars per acre cash."

It is very evident that, in the paragraph devising land to the son, the language used by the testator was intended to provide for the use of the room and the payment of the annuity for and during the life of the widow of the testator. No other construction would be possible. We think that there is no doubt that a similar construction is to be placed upon the paragraph of

the will containing the devise to the beneficiary Bertha, and that the words "so long as she may live" mean "so long as the widow shall live" and not "so long as the beneficiary shall live."

We must construe this will as a whole, and gather from it the purpose and intention of the testator, as therein expressed; and we think it is perfectly clear, obvious, and plain that it was the purpose and intention of the testator, by the language used, to provide for the payment of annuities to his widow that should be maintained and paid during the widow's entire life. Any other construction would be doing violence to the language used, and be contrary to the obvious intention of the testator. If the construction contended for by the appellants is correct, then the prior death of the several beneficiaries would terminate the annuities to the widow and leave her without income during her declining years, a situation which the testator obviously intended to prevent. We construe this clause of the will to mean that the annuity provided for therein was to be paid to the widow of the testator for and during the term of the widow's life, and not during the life of the devisee, Bertha Gerjets.

III. In construing this will, we must follow the general rule of determining the intent of the testator from the entire instrument; and, when that intent is ascertained, it must govern in the construction of the will. It is apparent from a reading of the instrument that the testator intended that his widow should be paid an annuity during her lifetime equal to $2.00 per acre on the amount of land devised to the beneficiary, Bertha. Some significance should be attached to the fact that the testator measured this annuity by a "per acre" charge. It is also significant that the gift of the land to the daughter is qualified or conditioned by the use of the word "but." So we have a situation where the testator was obviously providing for the payment by this devisee of an annuity to his wife, which payment was made a condition of the acceptance of the devise by the provision "*but* she shall pay to my wife Johanna Duden each year so long as she may live two (2) dollars per acre cash."

The provision in this will is an annuity. Being such, it may be made chargeable on real estate, if the intention so to do

3. WILLS: construction: when annuity charge on land.

is expressed in the will. *Nehls v. Sauer,* 119 Iowa 440, and cases cited therein.

In *Woodward v. Walling,* 31 Iowa 533, the will provided:

"I give and bequeath to my son, Elisha Jennings (describing the lands devised), during his natural life, and after his decease to revert to his heirs, provided, however, that the said Elisha Jennings shall provide a home for his sister, Oriel Zerna, till her marriage, and then to give her an outfit equal to what her sisters have received at their marriage, provided, however, that, if the said Elisha Jennings does not accept of the provisions of this will within 18 months from the date of this, then said property to revert to his sister, Oriel Zerna."

We said:

"The condition under consideration being for the benefit of plaintiff, without any expressed intention that its breach shall work a forfeiture of the estate, should be regarded as creating a trust or charge upon the land in her favor, to be enforced as other trusts and charges, and not as a limitation upon the estate devised. This is the doctrine announced in many cases arising under similar conditions."

In *Henry v. Griffis,* 89 Iowa 543, the testator, by the terms of his will, devised his real estate to his two sons, and gave the daughter a sum of money, and provided:

"If there is not personal property and money enough to make the amount, the boys is to pay enough to make the amount."

We said:

"The district court, in making the $750 a lien on the real estate, must have applied a rule of law that the effect of the will was to create such a lien; and we are in accord with that view. Of course, such a purpose on the part of the testator is only to be inferred, but the inference must be a necessary one, to effectuate the testamentary intention; for it should be presumed that the testator designed that his estate, rather than the personal property of his devisees, should stand as security for the fulfillment of his bequests, or, in other words, the due execution of his will. Courts should not and will not sanction such a substitution, as security, to the prejudice of a beneficiary, in the absence of a

clear intention on the part of the testator. The consequences of the opposite rule are manifest in this case, where the substitution of personal security would take from one beneficiary, against a manifest intention of the testator, and give to another. In cases of doubtful construction, that one should prevail that will insure just results, and preserve a fair administration of the law.''

This case was cited and approved by us in *Mohn v. Mohn,* 149 Iowa 288. We see no reason why we should depart from this rule.

In *Nash v. Taylor,* 83 Ind. 347, it is said:

''A charge upon real estate may be made in express terms, or the intention of the testator may be gathered from the entire will, taken together. * * * It is firmly established that a charge may be implied, and requires no particular form of words.''

In *Brown v. Knapp,* 79 N. Y. 136, it is said:

''It is well settled that, when a legacy is given and directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy.''

Where a will by its terms provides for the payment of an amount annually by the devisee, it was held that the same constituted a charge upon the real estate. *Appeal of Phillips,* (Pa.) 7 Atl. 918. See, also, *Merritt v. Buchnam,* 78 Me. 504 (7 Atl. 383) ; *Le Rougetel v. Mann,* 63 N. H. 472 (3 Atl. 746).

Our previous holdings are determinative of the question here involved. The evident purpose of the testator was to provide a fixed annuity for his widow during her lifetime. He devised the land in question to his daughter, and by the language used in making said devise intended to, and did in fact, impose a condition upon the said devise which constitutes a charge and lien upon the land so devised for the payment to the widow of the annuity therein named.

The decree of the lower court was correct, and it is— *Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.